JOSEPH SALOMON *et al.*

*v.*

THE PEOPLE, for use of Jesse Holdom, Admr.

*Opinion filed June 19, 1901—Rehearing denied October 8, 1901.*

1. EXECUTORS AND ADMINISTRATORS—*what does not justify administrator's refusal to pay over funds.* If an administrator admits that a certain sum should be paid over by him to his successor, he can not justify his refusal to pay over the same by setting up a pending appeal by him from an order of court requiring him to pay over an additional amount.

2. SAME—*administrator's appointment cannot be questioned in a collateral proceeding.* If the court has jurisdiction of the subject matter and of the person its appointment of an administrator is not void, however erroneous it may be; and the legality of such appointment cannot be questioned in a suit on the bond of a former administrator for failure to turn over the funds to the administrator appointed as his successor.

*Salomon* v. *People*, 89 Ill. App. 374, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

LEON HORNSTEIN, (A. B. JENKS, of counsel,) for appellants.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court, affirming, after *remittitur*, a judgment of the circuit court of Cook county recovered by the People, for the use of Jesse Holdom, administrator of the estate of George Wincox, deceased, against appellants, on the bond of the appellant Joseph Salomon, as administrator to collect of said estate. The other defendants, McDonald and Moses Salomon, were the sureties on such bond. By his account filed in the probate court, said administrator to collect, Joseph Salomon, showed that he had received and collected $29,857.02, but asked to be credited with disbursements of $5030.65, leaving a balance in his hands of $24,826.37. The probate court ordered said administrator to collect to pay over this balance to Jesse Holdom, as administrator of said estate, so appointed by a previous order of the court, and continued the hearing as to other items of the account until another day. Subsequently the probate court disallowed $4715 of the credit claimed by Joseph Salomon in his account and charged the same against him, together with $1477.06 for interest on the aggregate amount, and ordered the same to be paid to Holdom, as such administrator. From this subsequent order Salomon perfected an appeal to the circuit court, which appeal, at the commencement of this suit, was still pending. Joseph Salomon having refused, on demand of Holdom, to pay to him the $24,826.37, the latter brought

this suit against him and his sureties on his bond, as before stated. The breach assigned in the declaration was, that said Joseph Salomon, as such administrator to collect, had neglected and refused to pay over to said Holdom, as such administrator, said sum of $24,826.37, as ordered, or to pay the interest thereon, or twenty per cent of said amount in addition thereto, in accordance with the statute. It was one of the conditions of the bond, drawn in accordance with section 13 of the Administration act, that said Joseph Salomon should deliver to the person or persons authorized by the said probate court, as executors or administrators, to receive the same, all such goods, chattels and personal estate of the deceased as should come to his possession.

Several pleas were filed, but it is necessary to mention only such as appellants rely on here in support of their assignments of error to reverse the judgment.

Moses Salomon pleaded in abatement the pending of the appeal above mentioned from the order of the probate court charging him with said additional amounts of $4715 and $1477.06, averring that by reason of the premises it had not been determined and adjudicated what constitutes all the personal property of said estate which had come into Joseph Salomon's possession, and that until such adjudication he could not deliver to the person authorized to receive it, all such personal estate, in accordance with the condition of the obligation sued on. The court sustained a demurrer to this plea, and in so doing appellants contend there was error. The gist of the contention is, that by the condition of the bond and the provisions of section 17 of the Administration act, Joseph Salomon was bound to deliver to the person authorized by the court to receive it, *all* of the personal estate which had come into his possession,—not a part of it,—and that until it was finally determined what the total was, he was not required to deliver any part of it; that such final determination or adjudication could not

be had while the appeal as to a part of such estate was pending and undetermined. We cannot bring our minds in harmony with such a proposition. Joseph Salomon had not appealed from the order which required him to pay over the $24,826.37, and this, with interest thereon and the statutory penalty of twenty per cent, was all that was sued for. He never denied his liability to account for and pay over to the proper person authorized, this amount, which was not only admitted but found by the court in proof, and the mere fact that he saw proper to contest the order requiring him to pay an additional amount would not operate to suspend payment of the first sum, nor the right of Holdom, as administrator, to sue for and recover it. The conditions of the bond do not support such a plea, and we know of no rule of law or reason which sustains it.

But the defense chiefly relied on was contained in other pleas filed, which set up, in part, the proceedings pending in the probate court when Holdom was appointed administrator, and the order by which he was so· appointed, and averred that he was not, and never was, administrator of said estate nor duly appointed as such, and that Joseph Salomon, as administrator to collect, was not required by law to deliver said estate to him. The matter alleged in these pleas upon which the alleged conclusion rested that Holdom was not the administrator of the estate, was, that the deceased, George Wincox, left him surviving Jennie Wincox, his widow and only heir-at-law, and that before the alleged appointment of said Jesse Holdom she filed and presented to the court another petition for her own appointment, as widow of the deceased; that Holdom was not a creditor nor in any way related to the deceased and that no one had applied for his appointment, and that while said petitions of Jennie Wincox were pending and undetermined said probate court appointed said Holdom as such administrator. The plea then alleged that said appointment was void,

and that there was no legally appointed administrator to whom said Joseph Salomon, as administrator to collect, was bound to account or to deliver the estate in his hands.

The legal conclusion drawn by the pleader from the facts alleged in the plea can have no greater force than such facts legally warrant, and unless it follows, as a conclusion of law from the facts stated, that the appointment of Holdom was void, and not simply erroneous, such appointment cannot be attacked in this, a collateral, proceeding, and the demurrer was properly sustained, for the rule in this State is, as stated in the syllabus to *Wight* v. *Wallbaum,* 39 Ill. 554, that the probate court, having jurisdiction and being empowered to act, by granting or refusing to grant letters of administration, the person to whom such letters are granted becomes at least an administrator *de facto,* and the regularity of his appointment cannot be questioned in a collateral proceeding. On an application to revoke the letters, or on an appeal from the order granting the letters, all of the objections urged against their validity would be properly considered. (*Wight* v. *Wallbaum, supra; Schnell* v. *City of Chicago,* 38 Ill. 382; *Duffin* v. *Abbott,* 48 id. 17; *Shephard* v. *Rhodes,* 60 id. 301; *Hobson* v. *Ewan,* 62 id. 146; *Bostwick* v. *Skinner,* 80 id. 147; *Dodge* v. *Cole,* 97 id. 338; *Golder* v. *Bressler,* 105 id. 419; *People* v. *Salomon,* 184 id. 490.) Of course, to give the court jurisdiction there must be an estate, and the grant of letters of administration on a live man's estate is absolutely void. (*Thomas* v. *People,* 107 Ill. 517.) But if the court has jurisdiction of the subject matter and the person, the appointment is not void, however erroneous it may be. It follows that nothing alleged in these pleas constituted any defense to the suit.

The point most strenuously insisted upon is, that the record of the probate court given in evidence showed that prior to the appointment of Holdom an order had been made appointing the Equitable Trust Company administrator, upon said company filing its acceptance, but

no letters had been issued to it although it had filed its acceptance, and the record showed that the order of appointment had been vacated by the court. But whatever importance might, under proper pleading, be attached to such order of appointment, it can have no effect in the case, because it is not set up in the pleas under consideration. The question involved was raised by demurrer to the pleas, and they must stand or fall by their allegations.

Counsel cite *Munroe* v. *People*, 102 Ill. 406, in support of their contention that the court had no power to appoint Holdom. But in that case the court had assumed to remove an administratrix for a cause for which it had no power to remove her, and to appoint an administrator while the former was still acting as administratrix, and it was held that both the removal and the second appointment were absolutely void. It is sufficient to say that the pleas demurred to in this case show no such assumption of jurisdiction, beyond that conferred by the statute, as appeared in the case cited.

We are also referred to *Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 430. That, however, was a writ of error to reverse the judgment of the county court, and not a collateral attack, and it was suggested in *Schnell* v. *City of Chicago*, *supra*, that this court (Mr. Justice BREESE delivering the opinion in both cases) went too far in its language in the former case, and that it would have been "sufficient to say in the case, it being a direct proceeding to reverse the action of the county court, that the action of that court was not in conformity with the statute." Whether in the case at bar the appointment of Holdom was erroneous, under the statute, or not, it was not void, and the pleas were bad on demurrer.

The plaintiff was allowed a recovery of five per cent on the $24,826.37 from the date of the demand by Holdom on the administrator to collect, but the Appellate Court held that the sureties were not liable for the penalty of twenty per cent prescribed by section 17 of the Adminis-

tration act, which had been included in the judgment of the circuit court, and required a *remittitur* of such penalty. The *remittitur* was made and the judgment was affirmed by the Appellate Court, and no question as to such penalty is raised in this court for our consideration.

Section 25 of the Administration act authorizes the suit and recovery of the judgment as affirmed in the Appellate Court, and we find no error to justify a reversal of the judgment.           *Judgment affirmed.*