## BARTON ET AL. v. KIMMERLEY.

[No. 20,061.   Filed December 12, 1905.]

1. CONSTITUTIONAL LAW.—*Fifth Amendment.*—*Application.*—The fifth amendment of the federal Constitution limits federal power only and does not apply to state legislation.   p. 610.

2. SAME.—*Administration upon Estates of Absentees.*—*Due Process of Law.* — *Fourteenth Amendment.* — The fourteenth amendment to the federal Constitution does not prohibit a state from providing by statute for administration upon the estates of absentees.   *Scott* v. *McNeal*, 154 U. S. 34, distinguished.   p. 610.

3. LIMITATION OF ACTIONS.—*Statutes.*—*Estates.*—*Sales to Pay Debts.*—*Recovery of Real Estate Sold.*—The five-year statute of limitations is a complete defense to a suit to quiet title to real estate sold by the administrator of an absentee to pay debts under §§2385, 2387-2390 Burns 1901, §§2232-2236 R. S. 1881 and §2386 Burns 1901, Acts 1883, p. 209, though the description in the deed from the administrator renders such deed void. p. 611.

From Superior Court of Vigo County; *Samuel C. Stimson,* Judge.

Suit by Elizabeth G. Barton and others against Katherine Kimmerley.   From a decree for defendant, plaintiffs appeal.   *Affirmed.*

*David N. Taylor* and *George I. Kisner,* for appellants.
*George W. Kleiser* and *James H. Kleiser,* for appellee.

MONKS, J.—This suit was brought by appellants against appellee to quiet title to certain real estate in Vigo county, Indiana, sold under the provisions of an act for the administration of the estates of absentees, being §§2385, 2387-2390 Burns 1901, §§2232-2236 R. S. 1881 and Horner 1901, and §2386 Burns 1901, Acts 1883, p. 209.   Appellee filed an answer and cross-complaint to quiet title to said real estate, claiming title thereto by virtue of an administrator's sale under said act.   A trial of said cause resulted in a finding and decree in favor of appellee, quieting her title to said real estate.

Appellants insist that the fifth and fourteenth amendments of the Constitution of the United States deprive the legislature of this State of the power to enact any law for the administration of the estates of absentees; that any such law authorizes the administration of the estates of living persons, which is a violation of said amendments, because it deprives persons, whose estates are so administered, of their property without due process of law; citing *Scott* v. *McNeal* (1894), 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896. The fifth amendment of the Constitution of the United States applies only to legislation by congress and not to state legislation. *Cass Farm Co.* v. *Detroit* (1901), 181 U. S. 396, 398, 21 Sup. Ct. 644, 45 L. Ed. 914; *French* v. *Barber Asphalt Pav. Co.* (1901), 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Detroit* v. *Parker* (1901), 181 U. S. 399, 401, 21 Sup. Ct. 624, 45 L. Ed. 916. Said fifth amendment can not, therefore, be invoked to affect state legislation.

In the case of *Scott* v. *McNeal, supra,* the probate court in the state of Washington had, under an act for the settlement of decedents' estates, issued letters of administration upon the estate of a person who had disappeared, and proceeded to administer his estate as that of a dead person, upon the presumption of death which said court assumed had arisen from his absence. There was no law in that state providing for the administration of the estate of an absentee as such. It was held in said case that, under a law giving jurisdiction to a court to administer estates of deceased persons, the issuance of letters of administration upon the estate of a person who is in fact alive was void and of no effect as against him. It is evident that said case and all cases to the same effect, under laws for the settlement of the estates of deceased persons, are inapplicable here. In the case of *Cunnius* v. *Reading School District* (1903), 206 Pa. St. 469, 56 Atl. 16, 98 Am. St. 790, the supreme court of Pennsylvania

held that the fourteenth amendment of the Constitution of the United States did not deprive that state of the power to provide by law for the administration of the estates of absentees. Said cause was appealed to the Supreme Court of the United States, where it was held in *Cunnius* v. *Reading School District* (1905), 198 U. S. 458, 25 Sup. Ct. 721, 49 L. Ed. 1125, that the right to regulate concerning the estate or property of absentees is an attribute which in its essence belongs to all governments to the end that they may be able to perform the purposes for which government exists, and is within the scope of a state government in the absence of restrictions in its own constitution, and that the exercise of this power by the state does not necessarily violate the fourteenth amendment of the Constitution of the United States, by depriving the absentee of his property without due process of law in case he be alive when the proceedings are initiated. It follows that said fourteenth amendment of the Constitution of the United States does not deprive the legislature of this State of the power to provide by law for the settlement of the estates of absentees, and it is not claimed by appellants that such a law is in violation of any provision of the Constitution of this State. As it is not claimed by appellants that said act for the administration of the estates of absentees is unconstitutional if the legislature has the power under said fourteenth amendment to enact any law for that purpose, we pass to the consideration of the other question presented by the record.

It appears from the record that the real estate in controversy was sold and conveyed by order of court, under said act for the administration of the estates of absentees to pay debts; that appellee bought the same at administrator's sale under said act and paid the purchase money in full, and was put in possession of said real estate under said purchase, and has held the uninterrupted, exclusive and adverse possession thereof from date of confirmation of said sale till the com-

mencement of this action, a period of more than five years; that said real estate so sold and conveyed to appellants was, by mistake and inadvertence, erroneously described in the petition to sell the same, and in all subsequent proceedings, including the deed conveying the same to appellee; that said absentees never owned or had any title to the land actually described in said petition, proceedings and deed; that neither the administrator nor appellee, the purchaser, had any knowledge of said mistake in the description of said real estate, but believed that the real estate in controversy was correctly described in said petition and proceedings and deed. Appellants insist that said misdescription rendered said judicial sale void, and that no title was conveyed to appellee. Appellee insists that, even if said sale was void on account of said misdescription, she has title to the real estate in controversy after the expiration of five years from the confirmation of said sale to her, under clause four of §294 Burns 1901, §293 R. S. 1881 and Horner 1901. It has been uniformly held by this court that actions to recover real estate or to quiet title thereto, as in this case, are barred in five years from the confirmation of the sale, even if the sales are void. *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 620-628, and cases cited; *Fisher* v. *Bush* (1892), 133 Ind. 315; *Hawley* v. *Zigerly* (1893), 135 Ind. 248, 252, 253, and cases cited; *Davidson* v. *Bates* (1887), 111 Ind. 391, 400, 402; *White* v. *Clawson* (1881), 79 Ind. 188, 192, 193, and cases cited; *Vail* v. *Halton* (1860), 14 Ind. 344; *Vancleave* v. *Milliken* (1859), 13 Ind. 105. The statute is one of repose, and it is not necessary that one should have a good title to invoke its aid. It is only those whose titles are not good that need the protection of the statute. It was said in *Fisher* v. *Bush, supra,* at page 319: "The action is to recover real estate sold by an administrator under an order of court, specially directing the sale, and the time for the bringing of the action is limited by the fourth subdivision of §293 R. S. 1881 [§294

Southern R. Co. *v.* State—165 Ind. 613.

Burns 1901]. It has been held that such actions are barred in five years, though the sale be absolutely void. *Davidson v. Bates* [1887], 111 Ind. 391. Valid sales require no protection by statutes of limitation. * * * It is to the illegal and void sales that statutes of limitation are intended to apply."

It is evident that the court below committed no error in holding that appellee was entitled to the benefit of said statute of limitation of five years. Finding no error in the record, the judgment is affirmed.