# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Selden's Ex'or. v. Kennedy.

### January 25, 1906.

1. Administration—*Living Person—Presumption from Absence—Code, Sec. 3373—Lack of Notice—"Due Process"—Constitutional Law.* The grant of letters of administration on the estate of a living person, as if he were dead is absolutely void; and if it be conceded that the Legislature intended by section 3373 of the Code to authorize the courts to grant administration upon the estate of a person who was once a resident of the State and has been absent therefrom and unheard from for more than seven years, irrespective of his death, the statute is a plain violation of the due process clause of the 14th Amendment to the Constitution of the Unied States. A statute which authorizes the taking of an absentee's property and administering it when he is alive, without his knowledge or consent, and in a proceeding to which he is not a party, and of which he has no notice, is a clear violation of the "due process" clause of said Amendment.

2. Laches—*Defeating a Right—Case in Judgment.*—Laches which will defeat a right must be such as to afford a reasonable presumption of satisfaction or abandonment of the claim, or such as to prevent a proper defense by reason of the death of parties, loss of evidence or otherwise. Whether the lapse of time is sufficient to bar a right must depend upon the particular circumstances of each case. In the case in judgment, the parties in interest are still living, no evidence has been lost by death, no records have been destroyed nor papers lost, there is no uncertainty as to the amount due, no presumption of payment, and the claimant cannot be said to have been guilty of such laches as will bar his right to recover.

Appeal from a decree in chancery of the Law and Chancery Court of the city of Norfolk. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Loyall & Taylor,* for the apellant.

*Burroughs & Bro.,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by C. E. Kennedy against C. W. Grandy, surviving executor of Dr. William Selden, deceased, to recover a legacy.

It appears that Dr. Selden, by his last will and testament, which was probated in November, 1887, bequeathed to Charles H. Kennedy the sum of $1,000. Kennedy died before the testator, leaving three children, who under section 2523 of the Code were entitled to the legacy. The executors paid to two of the children their portion of the legacy. Upon the 7th day of January, 1896, the Corporation Court of the city of Norfolk, upon proof that C. E. Kennedy, the other child, had been a resident of this State and had since gone from and had not returned to the State, more than seven years prior to that date, adjudged, ordered and decreed that he was and should be presumed to be dead, as declared by section 3373 of the Code, and appointed T. D. Kennedy, his brother, administrator of his estate. A few days after his appointment he collected his brother's share of the legacy from the appellant as surviving executor of Dr. Selden.

In 1904 C. E. Kennedy, who had been absent from the State for many years, made a demand upon the surviving executor for his share of the legacy; and upon his refusal to pay the same this suit was instituted, and upon a hearing of the cause a decree was rendered against him for the sum demanded. From that decree this appeal was taken.

The first assignment of error is that the payment made by the appellant to T. D. Kennedy, as administrator of the estate of the appellee, was a valid payment, and that the trial court erred in not so deciding.

In order to sustain this contention, it will be necessary to hold that section 3373 of the Code, when considered in connection with section 2659, which provides for the granting of letters of administration when a person is dead, authorizes the appointment of an administrator of the estate of the appellee, under the facts disclosed by the record; and if it does, that it is not in conflict with that portion of the 14th amendment to the Constitution of the United States, which ordains that no State shall "deprive any person of life, liberty, or property without due process of law."

Section 3373 is as follows: "If any person, who shall have resided in this State, go from and do not return to the State for seven years successively, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

It may well be doubted whether the Legislature intended by that section to authorize the courts to grant letters of administration upon the estate of a person who was once a resident of the State and had been absent therefrom for more than seven years, irrespective of death. But if it be conceded that such was its intention, is not the statute in plain violation of the due process of law clause of the 14th amendment?

It is conceded, and if it were not it is well settled, that the grant of letters of administration on the estate of a live man, as if he were dead, is absolutely void.

In the case of *Scott* v. *McNeil,* 154 U. S. 34, 38 L. Ed. 896, 14 Sup. Ct. 1108, the question of the validity of such letters of administration was fully discussed, the authorities, English and American, cited, and the conclusion reached that a court of probate, in the exercise of its jurisdiction over the probate of wills and the administration of estates of deceased persons, had no jurisdiction to appoint an administrator of a living person, and that the appointment of an administrator, after public notice to the next of kin, creditors and the like of the estate of a living person, who had been absent from the State more than seven

years, was in violation of the due process of law clause of the 14th amendment to the Constitution of the United States. And there are general expressions in that opinion which would seem to indicate that a State was absolutely without power to provide by special proceeding for the administration and care of the property of an absentee, and to confer jurisdiction on its courts to do so, irrespective of the fact of death.

But in the recent case of *Cunnius, &c.,* v. *Reading School Dist.,* 198 U. S. 458, 49 L. Ed. 1125, 25 Sup. Ct. 721, that court, in considering the validity of certain statutes of the State of Pennsylvania "relating to the grant of letters of administration upon the estates of persons presumed to be dead by reason of long absence from their former domicil," held that the due process of law clause of the 14th amendment to the Constitution of the United States does not wholly deprive a State of the power to confer jurisdiction on its courts to administer the estates of absentees, irrespective of the fact of death, by special and appropriate proceedings distinct from the general law for the settlement of the estates of decedents. It further held, that fixing the period of a person's absence from his last domicil within the State at seven years, or more, before his estate could be administered under the special proceedings, was not so unreasonable as to render the statute repugnant to the due process of law clause of the 14th amendment; and that the notice required to be given by order of publication before an administrator could be appointed, and the safe-guards provided for the protection of the property of the absentee in case of his return, satisfied the requirements of the 14th amendment. But the court expressed the opinion in that case, that a State law which did not provide, among other things, for adequate notice as a prerequisite to the proceedings for the administration of the estate of an absentee would be repugnant to the 14th amendment.

It is said that the expression of the court in that case, that the appointment of an administrator of the estate of an absentee while he is still living, without adequate notice as a prerequisite

to such appointment would be void, was unnecessary to a decision of that case, and therefore a mere dictum. Even if this were so, the principle there announced is in accord with the repeated declarations of that court, as to what is required by the due process of law clause of the 14th amendment. *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565 ; *Scott* v. *McNeil, supra.*

Tested by that rule, a statute which provides for the taking of an absentee's property and administering it, when he is alive, without his knowledge or consent and in a proceeding to which he is not a party and of which he has no notice, is clearly in violation of his rights under the 14th amendment.

The other assignment of error is that the trial court ought to have denied the relief sought, because of the long delay of the appellee in asserting his claim.

It has always been a principle of equity to discourage stale demands, and laches is often a defense wholly independent of the statute of limitations. But the rule is adopted because after great lapse of time, from death of parties, loss of papers, or death of witnesses, there is danger of doing injustice, and there can be no longer a safe determination of the controversy. *Tazewell* v. *Sanders,* 13 Gratt. 354; *Bargamin* v. *Clark,* 20 Gratt. 544, 553 ; *Rowe* v. *Bentley,* 29 Gratt. 756, 763 ; *Jameson* v. *Rixey,* 94 Va. 342, 346, 26 S. E. 861, 64 Am. St. Rep. 726.

Mere delay is not always laches, and laches in the assertion of a right is not always sufficient to defeat it. The laches must be such as to afford a reasonable presumption of satisfaction or abandonment of the claim, or such as to prevent a proper defense by reason of the death of parties, loss of evidence, or otherwise. *Tazewell* v. *Sanders, supra,* 362 ; *Jameson* v. *Rixey, supra,* 346, and cases cited. Whether the lapse of time is sufficient to bar a recovery must of necessity depend upon the particular circumstances of each case. *Aylett* v. *King,* 11 Leigh, 486; *Rowe* v. *Bentley, supra,* 763 ; *Bell* v. *Wood,* 94 Va. 677, 683, 27 S. E. 504.

Tested by these general principles, the facts of this case do

Opinion.

not make out such a case of laches as ought to bar the appellee of his right to recover. The time between the accruing of his right to collect the legacy and the institution of his suit is about fifteen years—a long time to delay the assertion of his right if he had knowledge of it. It is not shown when he first learned of it, but it does appear that he had been absent from the State for more than seven years before letters of administration on his estate were granted; that during that period he had not been heard from by his nearest relatives; and that he was still a non-resident at the time of the institution of his suit. We think it may be fairly inferred from the record that he had no knowledge of his rights until after his legacy had been paid to his administrator, and probably not until shortly before he made his demand upon the appellant and instituted his suit. But if it be conceded that he knew that the legacy had been left him, the only thing, other than mere lapse of time, that could stand in the way of his right to recover is, that the appellant voluntarily paid it to another who had apparent, but no real authority to receive it, and who gave a refunding bond for appellant's protection. The appellant whose duty it was to pay, and the appellee, who was entitled to receive the legacy, are both living; no evidence has been lost by death; no records have been destroyed or papers lost; there is no uncertainty as to the amount that is due, and no presumption of payment. In the absence of all of these, the equitable circumstances which generally constitute the grounds for the application of the doctrine of laches, we do not think that the appellee can be said to be guilty of such laches as will bar his right to recover.

We are of opinion that there is no error in the decree appealed from, and that it should be affirmed.

*Affirmed.*