JENNIE M. PURDON *vs.* GEORGE R. BLINN, receiver.

Suffolk.    April 2, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Absentee.    Marriage and Divorce,* Alimony.    *Words,* "Debt."

A decree for alimony in a gross sum is a debt which may be proved against an absentee within the meaning of R. L. c. 144, § 9, and may be ordered to be paid out of the proceeds of his property in the hands of a receiver appointed under that chapter.

In proving a debt against an absentee under R. L. c. 144, § 9, to be paid out of the proceeds of his property in the hands of a receiver appointed under that chapter, a proper general notice to the receiver and to persons within the jurisdiction interested in the estate is sufficient without personal notice to the absentee, which in most cases to which the statute applies would be practically impossible.

PETITION, filed in the Probate Court for the county of Suffolk on December 19, 1905, under R. L. c. 144, § 9, by Jennie M. Purdon of Winchester who was granted a divorce from James L. Purdon, formerly of Boston, by the Superior Court for the county of Middlesex, which became absolute on September 8, 1905, by which decree James L. Purdon was ordered to pay the petitioner the sum of $4,000 in gross as alimony, praying that the petitioner's claim for $4,000 might be proved as a debt against James L. Purdon and against his property and estate now in the hands of George R. Blinn of Bedford appointed under R. L. c. 144 as receiver to the property of James L. Purdon, an absentee, and for an order directing the payment of the petitioner's claim out of such property.

A citation was issued on the petition ordering service by mail or personal service, and also by publication, upon the receiver and the children of the absentee, and the service was made as ordered. The Probate Court appointed Charles H. McIntyre, Esquire, to act as next friend of all persons not ascertained or not in being and also appointed him guardian *ad litem* for Evelina T. Purdon, a minor child of the absentee and the petitioner. As next friend and as guardian *ad litem* he filed his assent to the granting of the petition. The Probate Court made a decree allowing the petitioner's claim and ordering that the payment be made, subject to the reservation of the amounts which might be necessary to pay the expenses of the receivership and for the support and maintenance of Evelina T. Purdon. The receiver appealed.

The appeal came on to be heard before *Hammond*, J. No persons were present, or represented by counsel, other than the petitioner, the receiver and the guardian *ad litem* and next friend. No notice was given other than that required in the citation issued by the Probate Court. With the consent of these parties the justice reported the case for determination by the full court, such decree to be entered, or such other disposition to be made of the case, as to the full court should seem meet.

*G. Z. Adams & G. R. Blinn*, for the receiver.

*F. A. Fernald*, for the petitioner.

KNOWLTON, C. J. This is a petition brought under the R. L. c. 144, § 9, relative to property in the hands of a person appointed receiver of the estate of a resident of the Common-

wealth who " has disappeared, absconded or is absent therefrom
and has left no agent therein and his whereabouts are unknown."
This section is as follows : " The court may order said property
or its proceeds acquired by mortgage, lease or sale to be applied
in payment of charges·incurred or that may be incurred in the
support and maintenance of the absentee's wife and minor chil-
dren, and to the discharge of such debts as may be proved against
said absentee."

The petitioner was the wife of the absentee, and she obtained
from him a divorce *a vinculo*, with a decree for alimony in gross to
the amount of $4,000. For this execution was issued, and she made
her petition to the Probate Court to have it proved and allowed
as a debt against the estate of her former husband, in the hands
of the receiver. The principal question in the case is whether
this is a debt, within the meaning of the statute.

The origin of the claim in the obligation of the husband to
provide for her support does not militate against its allowance;
for the statute provides for the payment of charges of this kind
which are not directly debts. A decree for alimony in a gross
sum, which is a final adjudication for the payment of the amount
named, is within the constitutional provision that " full faith and
credit shall be given in each state to the . . . judicial proceed-
ings of every other state." A suit may be brought to enforce
the payment of it as a debt, in a State other than that in which
it was entered. *Page* v. *Page*, 189 Mass. 85. An obligation
under such a decree is plainly in the nature of a debt, and for
most purposes it can fairly be called a debt. In *Gray* v. *Bennett*,
3 Met. 522, 526, the court said : " The word ' debt' is of large
import, including not only debts of record, or judgments, and
debts by specialty, . . . and in its popular sense includes all
that is due to a man under any form of obligation or promise.
And long ago it was held, as expressed by Blackstone, that
' whatever the laws order any one to pay, that becomes in-
stantly a debt which he hath beforehand contracted to dis-
charge.' " In *Howard* v. *Howard*, 15 Mass. 196, in referring
to a liability for alimony, the court used this language : " The
debt is certain, and it is proved by record ; and the decree is,
in effect, as much a judgment, as if rendered on the common law
side of the court." Mr. Justice Field, in *Knapp* v. *Knapp*, 134

Mass. 353, said, " A decree for alimony, whether for alimony already due, or to become due in the future, is in a certain sense a debt of record established by a judgment." So in *Chase* v. *Chase*, 105 Mass. 385, Mr. Justice Morton, speaking of a divorce *a vinculo* and divorce *a mensa et thoro*, said, " The judgment for alimony in either case creates a debt of record in favor of the wife." It was held in that case, as it previously had been held in *Livermore* v. *Boutelle*, 11 Gray, 217, that a decree for alimony is a debt within the St. of 13 Eliz. c. 5, as to conveyances in fraud of creditors. In *Knapp* v. *Knapp*, 134 Mass. 353, and in *Burrows* v. *Purple*, 107 Mass. 428, there is language recognizing a decree for alimony in gross as a kind of debt.

The case of *Bailey* v. *Bailey*, 166 Mass. 226, following and explaining *Chase* v. *Ingalls*, 97 Mass. 524, decides that a liability for alimony is not " debt or damages in a civil action," within the meaning of the statute in regard to arrest upon execution. But it hardly affects the general question with which we are dealing. The decisions that claims for alimony are not provable in bankruptcy rest upon reasons that have little application to this case. We are of opinion that the word "debts" in this statute is used in its broad signification, and includes claims like that now before us.

The remaining question is whether this debt can be proved against the absentee and allowed against the property in the receiver's hands without personal notice to the absentee. From the nature of the case we think it must be provable, upon a proper general notice to the receiver and to persons within the jurisdiction interested in the estate. The reason for the appointment of the receiver is that the whereabouts of the owner of the property are unknown and he has left no agent properly to represent him in caring for his property, and to perform his obligations. In most cases to which the statute applies it would be practically impossible to give personal notice to the absentee. We are of opinion that the notice in the present case was sufficient. *Bonnemort* v. *Gill*, 167 Mass. 338. *Minot* v. *Purrington*, 190 Mass. 336.

*Decree affirmed.*