GEORGE E. NELSON *vs.* GEORGE R. BLINN.

Suffolk. December 3, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Constitutional Law. Absentee. Limitations, Statute of.*

The provisions of R. L. c. 144, §§ 10, 11, that, after the property of an absentee has remained in the hands of a receiver appointed in accordance with the provisions of that chapter until fourteen years after the disappearance of the absentee, and within that time the absentee has not appeared and claimed the property, all the right, title and interest of such absentee in the property shall be barred and no action, suit or petition shall be commenced by him for or on account of the property, and that the court shall order the distribution of the unexpended balance of the property to the persons to whom and in the shares and proportions in which it would have been distributed if the absentee had died intestate on the day fourteen years after the date of his disappearance, are constitutional, this being a statute of limitation which the court cannot say is unreasonable.

KNOWLTON, C. J. The appellant was appointed the receiver of the estate of an absentee from the Commonwealth, under the R. L. c. 144, as amended by the St. 1904, c. 206. After due proceedings in the management and settlement of the estate of the absentee, more than fourteen years having elapsed since the time of her disappearance as found and recorded by the court, a petition for distribution of the estate was filed in the Probate Court, and after proper notice and regular proceedings a decree was made ordering a distribution in accordance with the prayer of the petition. The case is before us on an appeal, and the only question raised is whether the statute referred to is constitutional.

The appellant relies upon art. 10 of the Declaration of Rights, which guarantees to every individual protection in the enjoyment of his life, liberty and property, and upon the Fourteenth Amendment to the Constitution of the United States, which.

declares that no State shall deprive any person of life, liberty or property without due process of law. As applied to a case like the present, the prohibition in the amendment just referred to is as broad as the general provision in the Constitution of Massachusetts.

The unanimous opinion of the justices of the Supreme Court of the United States upon a similar statute, in the case of *Cunnius* v. *Reading School District,* 198 U. S. 458, may be treated as a sufficient authority, except so far as the different provisions of the statutes modify the questions involved. That case arose upon a statute of Pennsylvania, whose constitutionality was sustained by a unanimous decision of the Supreme Court of that State, reported in 206 Penn. St. 469. In each decision a distinction was pointed out between those statutes which authorize a settlement of the estate of a deceased person, under which the proceedings are void and the whole jurisdiction gone if the person is in fact alive, and statutes like the present, in which a State undertakes to deal with property within its jurisdiction when its owner has abandoned it, or for some other reason cannot be found. Said Mr. Justice Mitchell, speaking for the Supreme Court of Pennsylvania in the case just cited, "It is a wise and just statute of sequestration and conservation of property which is without a known owner, whether the late owner has abandoned it (as in the present case) or the title has devolved upon others by his death, not being presently ascertainable. The statute steps in to provide a care taker and to vest present benefit in those who appear to be the owners, with as complete provision as is practicable for the re-establishment of the rights and possession of the absentee on his reappearance. That the State must have some such power is manifest. The property is within its jurisdiction and under its protection. It is not in the interests of order or good government that property should lie ownerless or open to conflicting claims. If the absentee be really dead it is conceded that the proceeding is unimpeachable. But if he is dead, so far as can be learned, though the death be not absolutely proved, yet the effect to the State is the same, there is property in its charge, without a recognized owner. It must have power to meet such a case, or one of its chief functions as a government must go unperformed."

The subject is very fully and ably considered by Mr. Justice White in giving the opinion of the Supreme Court of the United States in the same case, and the legality and propriety of the exercise of this governmental right is established historically as well as by sound reasoning. In view of these decisions the case of *Carr* v. *Brown*, 20 R. I. 215, and *Clapp* v. *Houg*, 12 N. D. 600, so far as they present a different view, should not be followed.

In the fundamental principles upon which the law rests there is no difference between the statute in Massachusetts and that in Pennsylvania. Each alike makes a reasonable provision for notice. As the proceeding is in its nature *in rem*, a personal notice to the absentee, which in most cases would be impossible, is not necessary to its validity. The constitutionality of our statute was assumed by the parties and the court in *George* v. *Clark*, 186 Mass. 426, and in *Purdon* v. *Blinn*, 192 Mass. 387.

The only part of our statute that is not covered by the decision of the Supreme Court of the United States is that which relates to the distribution of the property. As bearing upon that the language of Mr. Justice Mitchell in 206 Penn. St. 469, 475 is pertinent. He says : "But there must be a limit beyond which the State is not bound to have its laws set at defiance by the whim of an individual, and property kept in abeyance as to its ownership. If a child having title to property is taken out of the State and never heard of again, it would be nearly a century before it could be said with certainty that such owner was dead. The State is not bound to have the regular and lawful use and ownership of property subjected to such restrictions and uncertainty. If a fair and reasonable provision is made for the protection of the owner in case of his reappearance the State has not exceeded its constitutional powers."

The statute in Pennsylvania provides that a distribution of the estate of the absentee may be made in proceedings commenced after he has been absent and his whereabouts have been unknown for seven years, and it would seem that the estate might be settled and the distribution ordered within a comparatively short time after the expiration of the seven years. Upon such distribution the distributees must give security, to be

approved by the court, that they will refund the amounts received with interest, should the absentee in fact be alive; but if they are not able to give such security, the money is to be put at interest, and the interest paid only to the distributees until security has been given, or until " the court on application shall order it to be paid to the person or persons entitled to it." Under this statute there is nothing to prevent the court from ordering the whole estate paid over to the distributees, without security, long before the expiration of fourteen years from the time of the absentee's disappearance. The principal difference between the two statutes is that, under this in Pennsylvania, the whole property might be distributed without security, if the court should order it, within a period that might not be more than nine or ten years from the disappearance of the absentee, while under our statute no distribution can be made before the expiration of fourteen years from his disappearance, at which time all his rights to the property are barred by the statute. This last is, of course, a statute of limitations. Viewed as such, if it is not unreasonable in the length of time which it gives an owner in which to recover his property within the jurisdiction of the State, it is not unconstitutional. *Call* v. *Hagger*, 8 Mass. 423. *Mulvey* v. *Boston, ante,* 178. One who wishes to preserve his right to property not in his possession must act with reasonable diligence in the assertion of his right. As to most kinds of personal property he is barred by our statutes at the expiration of six years from the time when he might have taken formal proceedings for his protection. A disseisin of him, continued for twenty years, deprives him of his real estate. As to property abandoned or left unclaimed or uncared for within the Commonwealth, the Legislature may well exercise the jurisdiction of the State to take it in charge and administer it, and may prescribe a reasonable time as a limitation of the right of the owner to reclaim it. The question how long a time must be allowed, in the interest of the owner, and in the interest of those claiming under him, as well as in that of the general public, is primarily for the Legislature to decide. Something might depend upon the internal condition of the State, as to the nature and density of the population, the kinds of business which are most followed, and other local considerations with

which the Legislature would be familiar. In regard to such a kind of jurisdiction as is exercised under this statute, and the effect of long delay and uncertainty as to the ownership of property in the hands of a receiver, we cannot say that the Legislature might not properly enact that one's rights of property within our jurisdiction should be lost if he is absent for fourteen years without attempting to exercise them. In some respects this statute is more considerate of the rights of absentees than the statute of Pennsylvania which was held constitutional, while in other respects the other is more liberal. We cannot say that it was beyond the constitutional power of the Legislature to enact.

*Decree affirmed.*

*G. R. Blinn*, receiver, *pro se.*
*A. L. Taylor*, for the appellee.