BECKWITH *v.* BATES.

1. ADMINISTRATORS AND EXECUTORS—ESTATE OF ONE PRESUMED TO
   BE DEAD—STATUTE OF ESCHEATED ESTATES.
   Neither the statute of escheated estates (1 Comp. Laws
   1915, § 329) nor the general law of the State governing
   administration of estates admits of a disposition of the
   estate of a person presumed to be dead, but in fact alive,
   to the presumptive heirs, or beyond return to such sup-
   posed deceased person whenever he appears, unless there
   is a statute of limitations expressly made applicable.[1]

2. SAME—PROBATE COURT NOT AUTHORIZED TO ADMINISTER ESTATE
   OF LIVING PERSON—CONSTITUTIONAL LAW.
   The probate court has no power to administer the prop-
   erty of a person who is alive, under its general authority
   to provide for a settlement of estates of deceased persons,
   for to do so would violate the 14th Amendment to the
   Federal Constitution.[2]

3. SAME—STATE MAY ENACT PROPER STATUTE TO ADMINISTER ES-
   TATES OF PERSONS PRESUMED TO BE DEAD—LIMITATION OF AC-
   TIONS.
   A State has power, by legislation, to provide for the ad-
   ministration of the estates of persons who are absent for
   an unreasonable time, and to enact reasonable regulations
   on that subject without violating the 14th Amendment
   to the Federal Constitution, but such legislation must pro-
   vide for preservation of the estate for a reasonable period,
   awaiting the possible return of the presumed decedent,
   and designate such period as one of limitation of time
   within which to appear.[3]

4. SAME—NO STATUTE IN MICHIGAN AUTHORIZING ADMINISTRATION
   OF ESTATES OF PERSONS PRESUMED TO BE DEAD—LIABILITY OF
   ADMINISTRATOR.
   There being no statute in Michigan authorizing the ad-

[1]Executors and Administrators, 23 C. J. § 30; [2]Id., 23 C. J. § 30;
[3]Id., 23 C. J. § 30 (1926 Anno).
On presumption as to time of death of one presumed to be
dead after seven years'' absence, unheard of, see note in 26 L.
R. A. (N. S.) 294; L. R. A. 1915B, 756.
On constitutionality of statutes providing for administration
of estate of absentee, see note in 4 L. R. A. (N. S.) 944.

ministration of the estates of persons presumed to be dead, the probate court has no jurisdiction to grant administration in such case, and therefore one whose estate was so administered and distributed to the heirs at law is entitled, on his return, to recover in an action against the administrator.[4]

Error to Lenawee; Miller (Guy A.), J., presiding. Submitted June 4, 1924.  (Docket No. 26.)  Decided October 6, 1924.

Case by Nina Wright Beckwith against Daniel W. Bates for a wrongful conversion of an estate of inheritance.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*J. N. Sampson* (*H. L. Larwill*, of counsel), for appellant.

*George C. Brown,* for appellee.

WIEST, J.  This case presents the question: Has the probate court jurisdiction to administer the estate of one presumed by long-time absence to be dead but, in fact, alive?  Nina Wright, now Beckwith, was born in the city of Adrian, this State, and lived there until 1900, when she was 19 or 20 years of age, at which time she left but returned in 1903 to attend the funeral of her father and then again left the city and for 20 years her whereabouts remained unknown to her relatives.  In 1917, Mrs. Beckwith inherited from the estate of a deceased aunt the sum of $1,802.16, which was deposited with the treasurer of Lenawee county because of inability to locate Mrs. Beckwith.  In 1922, Albert Wright, an uncle of Mrs. Beckwith, living in the State of Oklahoma, petitioned the probate court for the county of Lenawee for administration of Mrs. Beckwith's estate, averring:

---

[4]Executors and Administrators, 23 C. J. § 30.

228—Mich.—26.

"That Nina Wright, late of San Francisco, of the State of California, aforesaid, departed this life as your petitioner believes at the time of the earthquake at San Francisco, California, on or about the .... day of April, 1906, leaving no last will and testament as your petitioner is informed and believes."

Defendant was appointed administrator, received the money deposited with the county treasurer, distributed the same to the heirs at law, closed the estate and received his discharge. Plaintiff, learning of her inheritance and finding her estate administered, brought this suit against the administrator to recover the money so received and distributed. In the circuit she had judgment and defendant reviews by writ of error.

In this State we have no statute applicable to the case. It is an old and well understood principle of law that, when a person leaves his place of residence and for seven years and upwards his whereabouts remain unknown to relatives and others most likely to know thereof, and it is not known whether such person is living or dead, the law admits of the presumption of death. But this presumption has limitations in its application to and legal effect upon property rights and does not vest right to the property of the absentee in presumptive heirs at law, nor admit of its apportionment among them by way of distribution in the ordinary administration as of an estate of a decedent, without the aid of express legislation to that end.

Counsel for defendant call attention to the statute (1 Comp. Laws 1915, § 329), relative to escheated estates:

"If any person shall disappear and his whereabouts remain unknown for the space of seven years, and no knowledge of such person can be procured for such space of seven years, he shall be presumed to be dead, and if there are no person or persons found who would

be his heir or heirs at law, if he were dead, administration shall be taken upon his estate in accordance with the provisions of this act in relation to escheated estates, and the avails of such estate shall be disposed of as provided in this act for the disposal of the avails of escheated estates."

and contend that this statute, taken in connection with the general law of the State governing administration of estates, conferred jurisdiction upon the probate court to grant administration upon the estate of plaintiff as one legally presumed to be dead.

This statute recognizes the well known principle of law we have mentioned, but touches no estate where there are heirs at law, and besides provides that after administration as an escheated estate, if the supposed deceased person turns up he shall have his estate or be paid the avails thereof less the expense incurred by the State. It is not necessary to go to the statute of escheated estates for the rule admitting the presumption of death, for it has long been established. This presumption, however, neither under the statute of escheated estates or of general power of administration of estates of deceased persons, admits of a disposition of the estate of a person so presumed to be dead, but in fact alive, to the presumptive heirs, or beyond return to such supposed deceased person whenever he appears, unless there is a statute of limitations expressly made applicable. The presumption of death does not arise until the expiration of seven years, for until that period has expired the presumption is that one last heard from alive remains alive; it is but a presumption at the best, and cannot control rights to property when the party supposed dead appears and thereby destroys the presumption and all based thereon.

Counsel for defendant claim:

"It is within the jurisdiction of probate courts to grant administration upon the estate of a person pre-

sumed to be dead. although such a person be actually living."

This view finds support in the first edition of Woerner's American Law of Administration and cases there cited, but in subsequent editions Mr. Woerner states:

"Administration on Estates of Living Persons.— The weight of authority is very decidedly to the effect 'that the decease of the supposed decedent is a prerequisite to the jurisdiction of the court, and that (if still living) he is wholly unaffected by the proceedings for the settlement of his estate.'

"The doctrine that the grant of letters testamentary, or of administration, on the estate of a person in fact living, but supposed to be dead, is an act beyond the jurisdiction of the court, and therefore so utterly void, that no person is protected in dealing with the executor, or administrator, even while his letters remain unrevoked, is firmly adhered to in nearly all of the States in which the question has arisen, and seems to command the acquiescence of even text-writers." 2 Woerner's American Law of Administration (3d Ed.), § 208.

It is very frankly said:

"Counsel for defendant are aware that there are two diverse currents of authority upon the question of the right to grant administration upon the estate of one presumed to be dead; one line holding such appointment to be void, *ab initio*, if the presumed dead person be actually living; the other holding such appointment to be voidable only."

We think the decisions on the question here involved remove all doubt and render such probate proceedings void *ab initio*. We cite and quote from two of the early cases and some of the late cases.

In *Griffith* v. *Frazier*, 8 Cranch (U. S.), 23, Chief Justice Marshall stated:

"Suppose administration to be granted on the estate of a person not really dead. The act, all will admit,

is wholly void.    Yet the ordinary must always inquire whether the person whose estate is to be committed to the care of others be dead or in life. * * * Yet the decision of the ordinary that the person on whose estate he acts is dead, if the fact be otherwise, does not invest the person he may appoint with the character or powers of an administrator. The case, in truth, was not one within his jurisdiction. It was not one in which he had a right to deliberate."

In *Jochumsen* v. *Savings Bank,* 3 Allen (Mass.), 87, it was said:

"It was further urged, as a ground for sustaining the appointment of the administrator, that upon the case as it existed at the time of granting letters of administration, the facts would well warrant the decree making such appointment, and give jurisdiction to the court of probate.    The position taken is, briefly, that seven years' absence, upon leaving one's usual home or place of business, without being heard of, authorizes the judge of probate to treat the case as though the party were dead.    The error consists in this, that those facts are only presumptive evidence of death, and may always be controlled by other evidence showing that the fact was otherwise.    The only jurisdiction is over the estate of the dead man. When the presumption arising from the absence of seven years is overthrown by the actual personal presence of the supposed dead man, it leaves no ground for sustaining the jurisdiction."

In *Scott* v. *McNeal,* 154 U. S. 34 (14 Sup. Ct. 1108), it was stated:

"A court of probate must, indeed, inquire into and be satisfied of the fact of the death of the person whose will is sought to be proved or whose estate is sought to be administered, because, without that fact, the court has no jurisdiction over his estate; and not because its decision upon the question whether he is living or dead can in any wise bind or estop him, or deprive him, while alive, of the title or control of his property.    * * *

"The appointment by the probate court of an administrator of the estate of a living person, without

notice to him, being without jurisdiction, and wholly void as against him, all acts of the administrator, whether approved by that court or not, are equally void; the receipt of money by the administrator is no discharge of a debt; and a conveyance of property by the administrator passes no title. The fact that a person has been absent and not heard from for seven years may create such a presumption of his death as, if not overcome by other proof, is such *prima facie* evidence of his death, that the probate court may assume him to be dead and appoint an administrator of his estate, and that such administrator may sue upon a debt due to him. But proof, under proper pleadings, even in a collateral suit, that he was alive at the time of the appointment of the administrator, controls and overthrows the *prima facie* evidence of his death, and establishes that the court had no jurisdiction, and the administrator no authority." * * *

The court also held:

"That it is not competent for a State, by a law declaring a judicial determination that a man is dead, made in his absence, and without any notice to or process issued against him, conclusive for the purpose of divesting him of his property and vesting it in an administrator, for the benefit of his creditors and next of kin, either absolutely or in favor of those only who innocently deal with such administrator. The immediate and necessary effect of such a law is to deprive him of his property without any process of law whatever, as against him, although it is done by process of law against other people, his next of kin, to whom notice is given."

And such a law violates the Fourteenth Amendment of the Constitution of the United States.

As pointed out in *Cunnius* v. *School District,* 198 U. S. 458, 475 (25 Sup. Ct. 721, 3 Ann. Cas. 1121): The probate court has no power to administer the property of a person who is alive, under its general authority to provide for a settlement of estates of deceased persons for to do so would violate the Fourteenth Amendment; but the State has power, by legis-

lation, to provide for the administration of the estates of persons who are absent for an unreasonable time, and to enact reasonable regulations on that subject without violating the Fourteenth Amendment. Such legislation must provide for preservation of the estate for a reasonable period, awaiting the possible return of the presumed decedent, and designate such period as one of limitation of time within which to appear and permit no distribution to heirs until the expiration of the period so fixed. See, also, *Blinn* v. *Nelson*, 222 U. S. 1 (32 Sup. Ct. 1, Ann. Cas. 1913B, 555).

In *Chamberlain* v. *Anderson*, 195 Iowa, 855, 860 (190 N. W. 501), it was said:

"The law is settled in this State, and in most, if not all, other jurisdictions, that the legislature may enact laws for the administration and distribution of the estates of absentees, by providing for notice and the proper safeguards for the preservation of the property and the rights of the absentee. *New York Life Ins. Co.* v. *Chittenden & Eastman,* 134 Iowa, 613 (112 N. W. 96, 11 L. R. A. [N. S.] 233, 13 Ann. Cas. 408, 120 Am. St. Rep. 444) ; *Cunnius* v. *School District,* 198 U. S. 458 (25 Sup. Ct. 721, 3 Ann. Cas. 1121) ; *Blinn* v. *Nelson,* 222 U. S. 1 (32 Sup. Ct. 1, Ann. Cas. 1913B, 555) ; *Nelson* v. *Blinn,* 197 Mass. 279 (83 N. E. 889, 15 L. R. A. [N. S.] 651, 14 Ann. Cas. 147, 125 Am. St. Rep. 364) ; *Selden's Ex'r* v. *Kennedy,* 104 Va. 826 (52 S. E. 635, 4 L. R. A. [N. S.] 944, 7 Ann. Cas. 879, 113 Am. St. Rep. 1076) ; *Adams* v. *Adams,* 211 Mass. 198 (97 N. E. 982) ; *Purdon* v. *Blinn,* 192 Mass. 387 (78 N. E. 462) ; *Barton* v. *Kimmerley,* 165 Ind. 609 (76 N. E. 250, 112 Am. St. Rep. 252). * * *

"Administration, however, under the general statute for the administration of the estates of decedents, based upon the presumption of death arising from absence for seven years, is not binding upon the absentee, unless he is in fact dead. *New York Life Ins. Co.* v. *Chittenden & Eastman, supra; Appeal of King,* 88 Conn. 423 (91 Atl. 267) ; *Scott* v. *McNeal,* 154 U. S. 34 (14 Sup. Ct. 1108)."

In *Eddy* v. *Eddy*, 302 Ill. 446  452 (134 N. E. 801), it was said:

"The continuous absence of a person from his home or place of residence for a period of seven years, during which nothing is heard from or concerning him, raises a presumption of his death for all legal purposes. *Whiting* v. *Nicholl*, 46 Ill. 230 (92 Am. Dec. 248) ; *Reedy* v. *Millizen*, 155 Ill. 636 (40 N. E. 1028); *Policemen's Benevolent Ass'n* v. *Ryce*, 213 Ill. 9 (72 N. E. 764, 104 Am. St. Rep. 190) ; *Donovan* v. *Major*, 253 Ill. 179 (97 N. E. 231) ; 8 R. C. L. p. 708; 17 C. J. p. 1166.    The courts of the State having jurisdiction of property within the State may provide for administration of an estate in a probate court where there is a presumption of death, under reasonable regulations and adequate protection of the property rights of the absentee, if it should turn out that he was alive.    *Stevenson* v. *Montgomery*, 263 Ill. 93 (104 N. E. 1075, Ann. Cas. 1915C, 112) ; *Cunnius* v. *School District*, 198 U. S. 458 (25 Sup. Ct. 721. 3 Ann. Cas. 1121).

"Prior to the enactment of section 78 of the Administration Act in 1911, it was held in *Thomas* v. *People*, 107 Ill. 517 (47 Am. Rep. 458), and repeated in *Salomon* v. *People*, 191 Ill. 290 (61 N. E. 83), that administration of a living man's estate was absolutely void for want of any subject-matter.    That section, making provision to secure the property to the person presumed to be dead in case he should be alive, and section 21, providing the form of letters showing that the administration was based on the presumption of death, obviated the objection to administration in such a case, Laws of 1911, page 2; *Stevenson* v. *Montgomery, supra.*    The law presumes that a person shown to be alive at a given time remains alive until the contrary is proved or a different presumption arises.    The presumption of death which arises is not conclusive, and the law cannot deprive an absentee of his estate if he is alive.    A law providing for the administration of the estate of an absentee containing no adequate safeguards to protect him in his rights if alive would be repugnant to the Fourteenth Amendment of the Federal Constitution.    *Cunnius* v. *School District, supra.*"

That opinion touches the pivotal questions in the case at bar, fully recognizes the presumption of death, arising from long absence, and preserves the rights of an absentee, if living, but admits of no administration and distribution of the estate of such an absentee under the general laws relative to the administration of the estates of deceased persons. An examination of authority on the question here involved brings us to agreement with the above opinion of the supreme court of Illinois. Any other holding would deprive a living person of rights of property and would violate the constitutional amendment mentioned. It must be held that the probate court, for want of subject-matter, had no jurisdiction to administer and distribute the property of plaintiff.

Defendant insists he ought not to be held liable and if plaintiff has any remedy she should be made to pursue the same against those who received her property in the distribution thereof. It may seem harsh to hold the administrator liable, but we can conceive of no good reason for sending plaintiff in pursuit of the distributees of her property rather than holding defendant liable and leaving him his remedy against those to whom he distributed the same. The proceedings in the probate court must be held wholly void and to afford defendant no protection against plaintiff's demand.

All other points raised trail the one decided.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.