WALZ *v.* DAWSON.

1. CONSTITUTIONAL LAW—PROBATE COURT MAY NOT ADMINISTER PROPERTY OF PERSON ALIVE.

   The probate court has no power, under its general authority, to administer the property of a person who is alive, for to do so would violate the 14th Amendment to the Federal Constitution.[1]

2. ABSENTEES—STATE MAY PROVIDE FOR ADMINISTRATION OF ABSENTEE'S ESTATE.

   The State has power to provide for the administration of the estates of persons who are absent and unheard of for an unreasonable time.[2]

3. STATUTES—TITLE—CONSTITUTIONAL LAW—ABSENTEES.

   Act No. 205, Pub. Acts 1925, providing for the disposition of the property of persons absent and unheard of for seven years, is not unconstitutional and void on the ground that it embraces more than one object, and that its object is not expressed in its title.[3]

4. SAME—ABSENTEES—RETROACTIVE LEGISLATION—CONSTITUTIONAL LAW.

   Nor is said act open to the objection that it is retroactive and an exercise of judicial power by the legislature because it is made applicable to pending proceedings; said legislation being remedial in character and intended to protect absent persons and their successors in their rights in their estates.[4]

5. CONSTITUTIONAL LAW—DUE PROCESS—ABSENTEES.

   Act No. 205, Pub. Acts 1925, providing for the disposition of the property of persons absent and unheard of for seven years, is not violative of the 14th Amendment to the Federal Constitution as a taking of property without due process of law, in view of the fact that it contains reasonable and ample provisions for the protection of the absentee should he be alive.[5]

[1]Constitutional Law, 12 C. J. §§ 514 (Anno), 568 (Anno); Courts, 15 C. J. § 424 (Anno); [2]Absentees, 1 C. J. § 4; Constitutional Law, 12 C. J. §§ 995, 999; [3]Statutes, 36 Cyc. pp. 1022, 1027, 1034; [4]Constitutional Law, 12 C. J. §§ 286, 561, 782; [5]Id., 12 C. J. § 995.

Constitutionality of statutes providing for administration of estate of absentee, see note in 4 L. R. A. (N. S.) 944.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 14, 1926.   (Docket No. 82.)   Decided June 7, 1926.

Bill by C. John Walz, administrator of the estate of Mary H. Mills, deceased, against Jennie C. Dawson, Nina M. Davison, Frank B. De Vine, guardian *ad litem* of Frank Elmer Mills, Claramon L. Pray, guardian *ad litem* of unknown heirs, and others to determine the validity of proceedings for the administration of said estate.   From the decree rendered, defendants Davison and Pray appeal.   Affirmed.

*Arthur Brown,* for plaintiff.

*Henry B. Graves,* for defendants appellees.

*Edward F. Conlin* (*Dudley E. Whiting,* of counsel), for defendants appellants.

Mary H. Mills, widow, died intestate at Ann Arbor, Michigan, on the 3d day of July, 1923.   Surviving her were three sisters and one brother, Jennie C. Dawson, Lydia M. Marsh, Julia A. Greer, and Cady Reeves, who are defendants.   She also had a son, Frank Elmer Mills, who had not been heard from for about 30 years, and whose whereabouts were unknown.   The sister Jennie C. Dawson filed a petition to administer the estate, in which she set forth the absence of the son Frank.   Upon this petition plaintiff was appointed administrator and proceeded with the administration of the estate.   About a year later, Nina M. Davison, claiming the proceedings void because the petition had not been made by Frank Elmer Mills, the next of kin, filed a petition for administration as a creditor of deceased, and upon such petition plaintiff was again appointed administrator.

There being two proceedings pending, the adminis-

trator, under and by virtue of Act No. 110, Pub. Acts 1925, filed the bill of complaint in the instant case praying to have determined and adjudicated, and certified to the probate court, in which of the two conflicting proceedings he was legally administrator and authorized by law to administer the estate of decedent.

Acting under the provisions of Act No. 205, Pub. Acts 1925, plaintiff also caused to be framed in the probate court the following issue:

"Did the decedent, Mary H. Mills, have a son bearing the name of Frank Elmer Mills, who for the continuous period of seven years prior to July 3d, 1923, was absent from his last place of abode known to those persons most likely to know thereof, and who during the like period had not been heard from by such persons."

All proceedings of the statute were followed, the issue was tried, and the probate court determined the question in the affirmative. From the decree of the circuit court in chancery, determining that the probate court had jurisdiction over the estate of decedent by virtue of the proceedings based on the petition of the sister of deceased, the creditor, Nina M. Davison, and the guardian of the absent son have appealed.

Defendants J. George Weidman, Emma F. Weidman, Rudolph E. Wagner, and Cecelia M. Wagner, are purchasers of real estate, and defendants Myron H. Mills and Fred A. Mills are brothers of the deceased husband of Mrs. Mills, who caused their appearance to be entered in the case.

SNOW, J. (*after stating the facts*). In the recent case of *Beckwith* v. *Bates*, 228 Mich. 400, this court held that the probate court had no power, under its general authority, to administer the property of a person who is alive, for to do so would violate the 14th

Amendment to the Federal Constitution.    But we also held, following the case of *Cunnius* v. *School District,* 198 U. S. 458 (25 Sup. Ct. 721, 3 Ann. Cas. 1121), that the State had the power by proper legislation to provide for the administration of the estates of persons who are absent for an unreasonable time.

Thereafter, the legislature at its 1925 session enacted Act No. 205, being entitled:

"An act to provide for the disposition of the property in the State of Michigan of persons who have been absent from their last known place of abode for the continuous period of seven years with their whereabouts also unknown to those persons most likely to know thereof, and who have not been heard from by such persons during said period; and to repeal all acts and parts of acts contravening the provisions of this act."

By its terms the property of persons, who have been absent from their last known place of abode with their whereabouts unknown for a continuous period of seven years, may be administered as though they were dead, subject to conditions and restrictions prescribed (§§ 1-4).

The act also provides for the determination of the fact of the disappearance of the person whose property is sought to be probated (§§ 5-10), which procedure was followed by the administrator in the instant case, whereupon the probate court found the disappearance as alleged, and postponed the distribution of the estate for three years, as by said law provided (§ 10).

The act further provides in effect that when the only person qualified to petition for administration has been absent for seven years, as above mentioned, any person may petition who would be qualified to do so if the absent one were in fact dead (§§ 25-28).

Appellants contend that this act is unconstitutional and void, in that it embraces more than one object, and

in that the object of certain of its provisions (§§ 16-25), is not expressed in its title; also that section 28 of the act, which gives provisions of the law application to pending proceedings, is retroactive and unconstitutional as impairing vested rights and amounting to a deprivation of property without due process of law.

The law was intended to provide for the disposition of property, from whatever source derived, of persons who might be considered as legally deceased. This of course would include heirship property, and the provisions of the act relative to the distribution of an estate of a decedent whose beneficiary was an absentee, is simply carrying out the purpose of the act whose title provides for the *disposition* of such absentee's property. The act is therefore not open to the constitutional attack that it embraces more than one object, or that that object is not clearly expressed in its title. See *Commerce-Guardian Trust & Savings Bank* v. *State of Michigan*, 228 Mich. 316, 330, and cases there cited.

Neither do we think the act open to attack as being retroactive, and an exercise of judicial power by the legislature. Section 28 is remedial in character, intended to protect absent persons and their successors in their rights in the estate, and wisely prevents distribution of the estate for a period of years, thus giving the absent person a definite and sufficient time to make claim for his interest in the estate. It provides, as it should, extensive and careful legal procedure before his interests in property are affected.

While the legislature might well have gone still further in the protection of the rights of the absentee, we think the law, as a whole, contains reasonable and ample provisions for his protection should he be alive. It is not therefore void as violating the Fourteenth Amendment to the Federal Constitution. See 8 R. C. L. p. 710, and cases cited.

We have examined the other objections made by appellants to the statute and its application in the instant case, and find them to be without merit.

The decree is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.