ROSS R. DONOVAN, Admr., Plaintiff in Error, vs. JO MA-
JOR et al. Defendants in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. PRESUMPTION OF DEATH—*when presumption of death arises.*
The unexplained absence of a person from home without having
been heard from for seven years by those who would naturally
have heard from him if he had been alive, though diligent efforts
have been made to find him, raises a presumption of death, sub-
ject, however, to be rebutted by facts or circumstances sufficient
to overcome it or by a conflicting presumption.

2. SAME—*time when it is presumed death occurred.* Where a
person has disappeared and has not been heard from for seven
years his death is to be regarded as having taken place seven years
from the date of his disappearance, unless there are facts and
circumstances proven which are sufficient to justify an inference
that he died at an earlier date; and upon this question his health,
habits, age, disposition, manner of life, pecuniary circumstances
and family relations may be considered.

3. SAME—*what does not justify inference that death occurred
before seven years.* The mere disappearance of a strong, healthy,
vigorous boy fifteen years of age, of a cheerful disposition and
fond of sightseeing, not involved in trouble of any kind or en-
gaged in any perilous occupation or having any defect of eyesight
or hearing, is not sufficient to raise any presumption of fact that
his death occurred before seven years from the date of his disap-
pearance.

4. EXECUTORS AND ADMINISTRATORS—*administration may be
granted upon proof raising a presumption of death.* Where the
facts exist from which a presumption of death arises the absent
person is presumed to be dead for all purposes and in all courts,
and letters of administration may be granted upon a petition set-
ting forth such facts; and while the grant of administration will
be of no validity if the absent person afterward appears, it is valid
and binding unless that event occurs.

5. TRUSTS—*trustees of an absent person must be indemnified in
case of administration.* Where administration is granted upon a
petition setting up the facts upon which the legal presumption of
death arises, any decree which may be rendered requiring the trus-
tees of such absent person to pay over the fund to the administra-
tor should require security for the indemnification of the trustees
against loss by reason of any claim or demand of the absent per-
son or any person claiming through or under him.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Woodford county; the Hon. GEORGE W. PAT-
TON, Judge, presiding.

JOSEPH D. IROSE, ED E. ROBESON, and JULIUS C.
GREENBAUM, for plaintiff in error.

THOMAS KENNEDY, for defendants in error Jo Major
*et al.* trustees.

ORMAN RIDGELY, for defendants in error Howard M.
Leonard and Eugene B. Dickinson, conservators.

Mr. JUSTICE DUNN delivered the opinion of the court:

· By the will of Mary E. Major, who died in 1890, a
share of her estate was directed to be held in trust for the
descendants of her deceased daughter, Katherine Wright,
the income to be applied to their support and education un-
til they should, respectively, reach the age of twenty-one
years and the principal then to be paid to them.  In case
any such descendant should die before reaching the age of
twenty-one years, it was directed that the share to which
such descendant would have been entitled had he or she
lived should be given to his or her brothers and sisters.
Mrs. Wright's descendants were two sons, Will C. and
Guy.  She had died some years before her mother, and her
husband had married again.  Four children were born of
this second marriage.  Will C. Wright lived with his father
and step-mother in Chicago, and, being then a few months
past fifteen years old, disappeared from his home on April
15, 1893, and has never since been heard from.  The ques-
tion involved in this controversy is the disposition of his
share in his grandmother's estate under her will.  The will
has been entirely executed except as to this trust, and one-
half of the fund was paid to Guy Wright upon his becom-

ing of age, but the trustees still retain the remainder of the
fund because they do not know to whom it should be paid.
On July 28, 1908, Guy Wright filed a bill in the circuit
court of Woodford county for the purpose of having the
trustees directed to pay to him the share of his brother,
Will C. Wright, on the ground that the latter had died be-
fore reaching the age of twenty-one years, and his share
should, therefore, under the will, be paid to the complain-
ant. On August 11, 1908, the plaintiff in error was ap-
pointed administrator of the estate of Will C. Wright by
the probate court of Cook county, and later by leave of the
court became a party defendant, answered the bill and filed
a cross-bill. His claim was that Will C. Wright became of
age in 1898 and was then entitled to his share of the funds
in the hands of the trustees, and that his administrator is
now entitled to such funds. After the commencement of
the suit a conservator was appointed for Guy Wright, and
the suit thereafter proceeded in the name of the conserva-
tor. On a hearing upon the evidence the court found that
Will C. Wright died before reaching the age of twenty-one
years, dismissed the cross-bill and decreed that the execu-
tors should file an account and pay the amount in their
hands to the complainant in the original bill, on his giving
a bond to indemnify them in case Will C. Wright should
return. The administrator appealed to the Appellate Court
for the Second District, which affirmed the judgment, and
the record has been brought here by *certiorari* for review.

The rights of the parties depend upon the death of Will
C. Wright and the date of its occurrence. There is no di-
rect evidence of his death, but proof of that fact rests only
upon the presumption which the law raises from his unex-
plained absence from his home without having been heard
from for seven years by those who would naturally have
heard from him if he had been alive, though diligent ef-
forts have been made to find him. Under these circum-
stances a presumption of death arises, subject, however, to

be rebutted by facts or circumstances sufficient to overcome it or by a conflicting presumption. (*Whiting* v. *Nicoll,* 46 · Ill. 230; *Johnson* v. *Johnson,* 114 id. 611; *Reedy* v. *Millizen,* 155 id. 636; *Hitz* v. *Ahlgren,* 170 id. 60; *Policemen's Benevolent Ass'n* v. *Ryce,* 213 id. 9; *Kennedy* v. *Modern Woodmen of America,* 243 id. 560.) "As held by the courts of this country the doctrine is, that a person once found to be alive is presumed to continue to live until there be proof of the contrary. At the end of seven years from the time he was last heard of, the presumption of life ceases and the opposite presumption, of death, takes its place. The legal presumption, as we understand from the decisions quoted by appellee, establishes not only the fact of death, but also the time at which the person shall first be accounted dead. This is an arbitrary presumption but rendered necessary on grounds of public policy, in order that rights depending upon the life or death of persons long absent and unheard of may be settled by some certain rule." (*Whiting* v. *Nicoll, supra.*) The conclusion to be drawn from the record, in accordance with this presumption, is that Will C. Wright is to be regarded as dead on the fifteenth day of April, 1900, and not before, unless evidence of facts and circumstances appear sufficient to justify the inference that he died at an earlier date. The circuit court found that he died shortly after his disappearance, on April 15, 1893, and before he became twenty-one years of age, and the Appellate Court has approved this finding.

The evidence shows that Will C. Wright was born November 25, 1877. From 1889 until 1893 he lived with his father, step-mother and three half brothers in Chicago. His relations with his family and relatives were pleasant and agreeable. He was a strong, healthy boy, large for his age, and his general health, eyesight and hearing were good. He did not like to go to school and for several years had been working at different jobs, but not long at a time, and

had been permitted to spend the money which he earned. He left his father's home on the morning of April 15, 1893, taking his dinner with him, ostensibly to go to his work as an office boy, at which he had been engaged for several days. He did not return in the evening and a search was instituted for him. The police were notified but were unable to find him. Advertisements were published for him at various times in the daily papers of Chicago, Milwaukee, St. Louis and San Francisco, but without results. At the time he left home he was not in trouble of any kind. He had a common school education and was able to read and write. It may be assumed that he had had a copy of his grandmother's will and knew its contents. The executors had purchased some clothing for him, and he knew that this was done out of the funds of his grandmother's estate, and that upon reaching the age of twenty-one years he would be entitled to a share of that estate. These are the facts relied upon to sustain the finding that he died before the expiration of seven years from his disappearance, and they are not sufficient.

The presumption of the continuance of life prevails until facts are shown which make the presumption of death more reasonable. Disappearances of individuals are not uncommon, and no legal presumption of death arises from the disappearance, alone. The presumption of fact which will justify the conclusion of death before the lapse of the time required for the legal presumption must arise from evidence of circumstances tending to show death. That the absentee was exposed to some specific peril; that he sailed in a vessel which had never been heard from, though many months overdue; that he was last seen as a passenger on an ocean steamer in midocean, at night, and was never seen or heard of afterward though diligent search was made the next morning; that he made threats to commit suicide prior to his disappearance; that the condition of his health was desperate; that he was afflicted with some disease likely to

undermine his constitution,—these are circumstances which may be considered as tending to raise a just inference of death. The health, age, habits, disposition, manner of life, pecuniary circumstances and family relations of a person who has disappeared are all proper for consideration in determining whether he probably died before the expiration of seven years. Here no circumstances are shown from which a legitimate inference of death can be drawn. A vigorous, large, healthy, fifteen-year-old boy, of a cheerful disposition and fond of sightseeing, about the beginning of the World's Fair in Chicago left his home suddenly and without warning and did not come back. Such an act would, of course, give his family occasion for apprehension but not necessarily of death. Of itself it could create at the time no presumption of his death, and it could not grow into a presumption unless aided by proof of other circumstances, none of which appear in this case. It is at least as probable that he voluntarily ran away from home and may yet be living, as that he met with an accident or sickness and death which were not communicated to his family.

The trustees under Mrs. Major's will insist that the probate court of Cook county was without jurisdiction to administer upon the estate of Will C. Wright because it appeared that the application for letters of administration was based upon the presumption of death arising from the supposed decedent's absence. When the presumption of death arises the absent person is presumed to be dead for all purposes and in all courts. The petition for letters set out the facts in regard to the disappearance of Will C. Wright, followed by the statement that the petitioner believed, and therefore stated, that he was dead. Thereupon the court, acting upon the evidence before it, found that Will C. Wright was dead and granted administration of his estate. It is true that if he shall afterward appear this grant of administration will be of no validity, but until that event does happen the administration is valid and binding. The

fact that the death is proved, not by direct evidence but by the proof of facts from which death is presumed, does not affect the validity of the proceeding. The trustees should not, however, be obliged to run the risk of the future appearance of Will C. Wright, and in any decree which may be rendered for the payment of this fund to his administrator, security should be required for their indemnification against loss by reason of any claim or demand of Will C. Wright or of any person claiming through or under him.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court.      *Reversed and remanded.*