Adelyne Guild, Appellee, v. Metropolitan Life
Insurance Company, Appellant.

Gen. No. 40,916.

Heard in the third division
of this court for the first district at the October term, 1939.
Opinion filed February 14, 1940. Rehearing denied March 12, 1940.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM, IRA W. HURLEY and ALBERT E. HALLETT, JR., all of Chicago, of counsel.

ARTHUR C. ROTHBLATT and SIDNEY ROTHBLATT, both of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant, Metropolitan Life Insurance Company, brings this appeal from a summary judgment entered against it in the superior court on the motion of the plaintiff for the sum of $910, said amount representing the amount claimed to be due on two life insurance policies issued by defendant on the life of one Daisy Guild for $455 each.

Plaintiff, Adelyne Guild, mother-in-law of the deceased Daisy Guild, in her amended complaint alleges

that she is the beneficiary in two life insurance policies issued by the defendant company on the life of the said Daisy Guild.

Plaintiff further alleges that she has paid the premiums on the policies in question from the dates of their issuance; that the last time plaintiff heard from Daisy Guild was December 28, 1929; that plaintiff's claim is founded on the presumption that the insured is dead and that her death occurred at the expiration of the seventh year from December 28, 1929; that plaintiff notified the defendant company on July 21, 1936, and complied with the terms of the policy; that at all times after the expiration of the seven-year period plaintiff has requested defendant to pay the same; that plaintiff has paid $60 in premiums for the period after December 28, 1936, which plaintiff now asks to be returned to her with interest and that she have judgment for the sum of $910, being the amount of the policies, together with interest.

Plaintiff's theory of the case is as set forth in her amended complaint and alleges that her claim is based upon the presumption that the insured is dead and that her death occurred at the expiration of the seventh year from December 28, 1929, the last time she was seen by plaintiff.

Defendant's theory of the case is that there has been no compliance with the terms of the policies sued upon; that no proof has been furnished of the death of the insured; that the insured is, in fact, not dead; that she was seen in the year 1934 in New York city, and that no proper showing has been made in the absence of the evidence, to raise the presumption that death occurred as a matter of law after seven year's disappearance.

The briefs refer to the disappearance of the insured as of December 28, 1929, in some instances and in other instances as of May 8, 1929. We have set forth the dates as they appear in the briefs and abstract.

No question is raised as to the issuance of the policies or the payment of the premiums.

The evidence shows that the insured disappeared on May 8, 1929; that her absence has been continuous and unexplained since that time; that her friends, relatives or those with whom she would have been likely to have communicated with concerning her whereabouts, received no information relative thereto.

The evidence further shows that the premiums were paid on said policies from their date of issuance, namely, May 26, 1924, until December 10, 1938, and that the amount stated in the two policies was for $910, or $455 on each policy, which is the face amount for which the policies were issued, together with interest at 5 per cent, as provided by statute.

Defendant's answer denies generally that there is any liability on the part of the defendant; denies that the insured died on May 8, 1936, or at any other time, and avers that said Daisy Guild is still alive; denies that the said Daisy Guild is presumed to have died on May 8, 1936, or at any other time; avers that any premiums paid by the plaintiff or anybody else after May 8, 1936, were paid for the purpose of keeping the two policies sued upon in force; that the payments were voluntarily made without protest, and therefore, the defendant is not indebted to anyone for the return of the premiums so paid after May 8, 1936; denies that the plaintiff has complied with all the conditions precedent in accordance with the terms of the policies.

Thereafter, on motion of the plaintiff, defendant filed an admission of facts in accordance with the statute, wherein defendant admits that it made its policies of insurance on the life of Daisy Guild and delivered the same to the said Daisy Guild or to the plaintiff Adelyne Guild; admits that Adelyne Guild was designated as beneficiary in said policies and that the two policies were for $455 each.

Thereafter interrogatories were filed and the defendant, pursuant to an order entered on January 23, 1939, filed an answer thereto on February 2, 1939, which, among other things, stated:

"9. Defendant does not have the name or address of any reputable person who has seen Daisy Guild alive since May 8, 1936."

On February 7, 1939, plaintiff made a motion for a summary judgment, supported by an affidavit, and on February 23, 1939, defendant made a motion to strike the affidavit in support of plaintiff's motion for a summary judgment. Defendant's reasons therefor are as follows:

"1. The policies sued upon provide that payment will be made by the defendant to the executor or administrator of the insured's estate and that the designation of Adelyne Guild as beneficiary is subject to the provisions of the policy authorizing payment to the executor or administrator of the estate of the insured or at the option of the Company to pay to other persons, and that the Company did not exercise its option to pay to Adelyne Guild or any other persons and therefore under the law the only person entitled to bring this action is the executor or administrator of the estate of the insured.

"2. The affidavit . . . in support of the motion for summary judgment fails to state any facts upon which a presumption of death can be based.

"3. The affidavit of . . . attorney for the plaintiff, attached to the complaint, is not based upon the personal knowledge of said [attorney] and therefore under the Statute is insufficient to support a summary judgment.

"4. The question of whether or not the insured is presumed to be dead is one of fact and whether or not the insured is presumed to be dead can be determined only by a jury or by a court passing upon the facts."

Thereafter, on February 25, 1939, plaintiff filed an amended complaint.

Having considered these various pleadings, it is evident that plaintiff's claim is based upon the presumption that the insured is dead and that her death occurred at the expiration of the seventh year from December 28, 1929, at which time she disappeared and has not been heard from since, nor has her absence been explained since that time, nor have the friends or relatives of the insured, or those with whom she would have been likely to communicate concerning her whereabouts, received any information in that regard.

The defense is that such a presumption does not arise from such disappearance.

In plaintiff's affidavit for a summary judgment it is alleged that Daisy Guild lived with Conrad Guild at 4749 Indiana avenue, Chicago, Illinois, up to and including September 27, 1928; that no children were born to the said Daisy Guild and Conrad Guild; that the last time affiant heard of or from the said Daisy Guild was in the latter part of December, 1929; that at the time Daisy Guild disappeared she weighed about 135 pounds, was 5 feet 10 inches in height and had black hair and dark eyes; that her features were clear and she had a light complexion; that she bore no scars, nor had any defects; that inquiry was made throughout the colored communities in the city of Chicago in the State of Illinois and that diligent effort was made to locate her; that all inquiries failed to reveal any person who had seen or heard from said Daisy Guild or had any tidings of her from the latter part of December, 1929 up to the present time.

Affiant further stated that the Metropolitan Life Insurance Company through its local agents and servants were notified that Daisy Guild had disappeared and affiant was informed by said agents and servants that she could not make claim on said policies of said insurance until a period of seven years had elapsed;

that the law required the affiant to wait for a period of seven years from the date of disappearance so that a presumption of death could arise before the claims upon the policies of insurance could be paid; that the affiant continue to pay premiums on said policies of insurance; that in June, 1936, affiant again notified the Metropolitan Life Insurance Company of the continuous unexplained absence and disappearance of Daisy Guild from her residence in Chicago in the latter part of December, 1929, and thereupon the said Insurance Company sent out their investigators and inspectors for the purpose of propounding questions relative to the unexplained absence and disappearance of Daisy Guild.

Affiant further stated that on June 21, 1936, at the request of the Metropolitan Life Insurance Company, affiant completed form No. 2173 with the claim division of the Metropolitan Life Insurance Company, which form is known as declaration of disappearance and in which affiant stated under oath that she had not seen nor heard from Daisy Guild since the latter part of December, 1929.

On March 24, 1939, an order was entered to strike the affidavit of Anne Bachar, which was filed in support of plaintiff's motion for a summary judgment. Defendant's motion to strike said affidavit was overruled. It was further ordered that plaintiff's motion to strike the answer to the amended complaint at law be overruled.

No affidavit was filed by the defendant in resistance to a motion for a summary judgment, and on April 18, 1939, defendant filed an amended answer. Said answer is repetitious as to some of the allegations of the former answer in which it was denied that the insured had disappeared; that her absence had been unexplained and that she had disappeared from her usual place of abode.

Said answer further states that on March 13, 1924, the insured was married to the son of plaintiff herein;

that thereafter the married life of the insured and her husband was not very harmonious and the insured and her husband did not live together at all times during the course of their married life and were frequently separated and that the said insured did not live with the plaintiff or with her husband in the year 1929; that on February 21, 1929, the insured's husband filed a divorce action in Cook county asking that a decree of divorce be granted him from the insured on the ground of adultery, and that said divorce was granted on May 28, 1929, on proof of adultery by the insured.

The amended answer sets forth many other matters which would be no defense in an insurance policy case, nor do we think the amended answer of the defendant would in any way prevent the entering of the summary judgment.

As was said in *Campbell v. Northwestern Mut. Life Ins. Co.*, 281 Ill. App. 158, at p. 165: "The law in disappearance cases is well settled in this State. If a person is absent from his home and no word has been received from him within seven years, such disappearance creates a rebuttable presumption that such absent one is dead. *Keystone Steel & Wire Co. v. Industrial Commission*, 289 Ill. 587; *Apitz v. Supreme Lodge Knights & Ladies of Honor*, 274 Ill. 196, aff'g 196 Ill. App. 278; *Reedy v. Millizen*, 155 Ill. 636. This presumption arises at the end of the seven-year period and his death is to be regarded as having taken place seven years from the date of his disappearance. *Donovan v. Major*, 253 Ill. 179; *Whiting v. Nicholl*, 46 Ill. 230."

And again in *Davis v. Metropolitan Life Ins. Co.*, 285 Ill. App. 398, at p. 402, the court said:

"After the expiration of seven years from the time the insured was last heard of, the presumption that he was alive ceased and the presumption of his death took its place. *Whiting v. Nicholl*, 46 Ill. 230. The law of this State is that when the presumption of death arises at the expiration of the seven-year period, the time of

his death is presumed to have been at the end of the seven-year period. *Donovan v. Major,* 253 Ill. 179.''

In speaking of the rebuttable presumption of death caused by a disappearance, the Supreme Court in the case of *Brown v. Brown,* 329 Ill. 198, at p. 202, said: ''Presumptions are not evidence but arise as a rule of law. Their effect is to create the necessity for evidence to meet a *prima facie* case created under such presumption, and which, if no proof to the contrary is offered, will prevail.''

Other questions are raised here, but they are not sufficiently important to discuss at length.

From the record before us we think the superior court was justified in entering a summary judgment and, for the reasons herein given, the judgment of the superior court is hereby affirmed.

*Judgment affirmed.*

HEBEL and BURKE, JJ., concur.