**Rose Smith, Plaintiff, v. Marian Harness et al., Defendants.**
**Intervening Petition of John A. Johnson et al., Appellants, v. County Treasurer of Logan County, Illinois, Appellee.**

**Gen. No. 9,378.**

Heard in this court at the October term, 1943.                    Opinion filed December 7, 1943.   Rehearing denied January 17, 1944.

Sumner C. Palmer, of Chicago, for appellants.

No appearance for appellee.

Mr. Justice Riess delivered the opinion of the court.

The intervening petitioners, nonresidents of Illinois, have perfected an appeal from an order of the circuit court of Logan county, entered on December 15, 1941, dismissing their petition for want of equity. The petitioners sought modification of two prior decrees and orders of said court construing certain provisions of the will of Elias Harness, deceased, and providing for the partition and distribution of his estate among the heirs, devisees and legatees entitled thereto at the termination of the life estate of testator's surviving widow, Martha Jane Harness. From the petition, stipulation of facts and evidence it appears that Elias Harness died testate in Logan county, Illinois, on November 13, 1893; that his will was duly admitted to probate, wherein he gave, devised and bequeathed his entire estate, after payment of debts and specific legacies to his surviving wife, Martha Jane Harness, for and during the term of her natural life; that said widow and life tenant died on or about January 8, 1917; that thereafter a suit in equity was filed praying construction of certain provisions of said will of Elias Harness and for the partition or sale of the real estate and distribution of proceeds among the persons found and decreed to be entitled thereto; that the will

had fixed the time for determining the respective interests and heirship of the parties entitled to the residuary estate as of the date of death of said widow and life tenant; that after hearing by and report of the master in chancery, which report was duly approved and confirmed by the court, a decree was entered on June 29, 1917, construing the will, finding the interests and distributive shares of the parties and ordering a partition sale of the real estate, which sale and distribution then followed. Said decree has never been modified, set aside nor appealed from.

Among other provisions, the decree found and adjudged the sum of $8,767.47 to be the distributive share and interest accruing to the four children of Levina Harness Johnson, a surviving sister, and "blood relative" of Elias Harness Johnson who had departed this life prior to January 8, 1917, to be payable as follows: to three of the surviving children of Levina Harness Johnson, *viz:* John A. Johnson, George F. Johnson and Jennie McClelland, each a one-fourth share thereof, being $2,191.87, which respective amounts were so duly paid and distributed by the master in chancery to each of them under the decree in said proceeding. The remaining one fourth or $2,191.87 was therein decreed to be due and payable to the fourth child of Levina Harness Johnson, namely: Susan Kilgore, nee Johnson (who had married Laban Kilgore), if living, or to her unknown heirs, if deceased. By a subsequent order of said court entered on January 4, 1924, the master in chancery paid said distributive share of $2,191.87 to the County Treasurer of Logan County; the order reciting that the court reserved express power to finally determine the rightful claimants to said distributive share in the future, and that said fund be held subject to further order of court.

The appellants' petition prayed that the final order of distribution entered on June 29, 1917 be now modified or "amended" so as to decree payment to the

petitioners as the three and only living children of Levina Johnson, deceased, or find that Susan Kilgore was presumptively or legally dead 13 years before the death of Martha Jane Harness without issue and was not entitled to any share in the estate of Elias Harness and that therefore said funds in the hands of the County Treasurer belonged to the petitioners, and further prays for an order directing that one third of said $2,191.87 be paid to petitioners, John A. Johnson; one third to George F. Johnson and the remaining one third to the children of Mrs. Jennie McClelland, since deceased. They expressly allege that ''your petitioners claim this fund, not as heirs of Susan Kilgore, but as heirs of Levina Johnson, and as being a part of the money belonging to them and which should have come to them on the original distribution of the Elias Harness estate.''

Concerning the facts, as recited by the chancellor in his opinion below, ''The petitioners in this case have offered the testimony taken in the partition suit on the 16th day of June A. D., 1917. The testimony taken in said suit relating to the interest of Susan Kilgore was that she had been unheard of for about twenty years. That at the time she absented herself she was residing with her husband on a farm in Jamestown, Ohio; that at that time she was married to one Laban Kilgore, who was still living at the time of the testimony in the partition suit, at Jeffersonville, Ohio; that no one ever knew of her having any children after she left Jamestown; that there had been no administration had on her estate; it was not known whether she ever procured a divorce; that her mother had died; that her father had died four or five years before Mrs. Tuttle, the Mrs. Tuttle referred to in this brief testimony is Martha J. Harness, wife of Elias Harness, hereinabove referred to, and who had remarried after the death of Elias Harness; and that Susie Kilgore at the time of the testimony on June 16, 1917 had no

other brothers and sisters than John A. Johnson, George F. Johnson, two of the petitioners herein and Jennie McClelland, who was the mother of the remaining three petitioners herein." . . . "There is no further proof in this record now than there was at the time the court entered the decree except by the public administrator of Logan county, which is very fragmentary, merely states that as public administrator he did have occasion to investigate the heirship of Susan Kilgore and that from such investigation that he finds that her heirs were petitioners John A. Johnson, George F. Johnson and Jennie McClelland, but that Jennie McClelland is dead leaving petitioners Madge Johnson, Ethel Tryner and Pearl McClelland. The administration is still pending in Logan county, the funds have never been turned over to the administrator because no one was ready to offer a bond as provided for in paragraph 78, chapter 3, Illinois Revised Statutes 1939. This petition and the theory upon which their rights are asserted is predicated on the fact that they are unwilling or unable to give or to procure a bond as provided for in the above section."

While the continuous absence of a person from his home or place of residence for a period of seven years, during which time nothing is heard from or concerning him, after diligent inquiry to learn of his whereabouts, raises a presumption of death for all legal purposes, this presumption is not conclusive, and the law cannot deprive an absentee of his estate if he is alive. A decree which deprives a living person of his interest in land on the theory that he is presumed to be dead is void as to such person and not merely erroneous. *Eddy v. Eddy,* 302 Ill. 446, 134 N. E. 801; *Donovan v. Major,* 253 Ill. 179, 97 N. E. 231. The courts of a State having jurisdiction of property within such State may provide for administration of an estate in a probate court where there is a presumption of death, under reasonable regulations and adequate protection of the

property rights of the absentee, if it should turn out that he was alive. *Eddy v. Eddy, supra; Stevenson v. Montgomery*, 263 Ill. 93, 104 N. E. 1075; *Cunnius v. Reading School District*, 198 U. S. 458. In Illinois, such a provision was enacted by the legislature as section 78 of the Administration Act of 1911, and was in effect at the time of the entry of the decrees sought to be modified or ''amended'' by the appellants herein. Prior to the enactment of that act, administration of a living man's estate was held to be absolutely void. *Thomas v. People*, 107 Ill. 517, 522; *Salomon v. People*, 191 Ill. 290, 294, 61 N. E. 83, cited in *Eddy v. Eddy, supra*, p. 453. That section, making provision to secure the property to the person presumed to be dead in case he should be alive, and section 21, thereof providing the form of letters showing that the administration was based on a presumption of death, obviated the objection to administration in such a case. Laws of 1911, p. 2; *Stevenson v. Montgomery, supra; Eddy v. Eddy, supra*. The law presumes that a person shown to be alive at a given time remains alive until the contrary is proved or a different presumption arises. The presumption of death which arises is not conclusive, and the law cannot deprive an absentee of his estate if he is alive. *Cunnius v. Reading School District, supra*. The same principle and the protection of the same constitutional provision necessarily applies to any similar proceeding in a court. *Eddy v. Eddy, supra*. It was therein held that a decree which contained no provision for the protection of the property rights of an absentee heir, if he should be living, but found from such unexplained absence for seven years that he was dead, unmarried and without descendants and transferred his estate to his brothers, sisters, nephews and nieces, without proof of actual death, rendered the decree void as against the subsequent claims of any such absent heir, between the parties to such decree. A similar holding by the chancellor

herein, pursuant to the prayer and contentions of the appellants, that by the unexplained absence of Susan Kilgore for more than seven years, she had forfeited and became deprived of all right or interest as one of the four children of Levina Harness Johnson, deceased, would render such decree void as against the interest of said Susan Kilgore, her children or heirs, if living. The trial court properly held that the appellants were not entitled to the relief so prayed in the petition.

It further appears that the petitioners had in 1917 accepted payment of the respective distributive shares and interests which were then found and decreed by the court to be due and payable to them as three of the four children and heirs of Levina Johnson, deceased. The same decretal order which so determined and set forth their respective shares and interests in said distributive fund, also found and decreed a similar fourth interest to be vested in their sister, Susan Kilgore, if living or to her heirs, if deceased. The decree so determining their respective interests, was, as we have heretofore indicated, a final and appealable order which was never modified, set aside nor appealed from. On the contrary, it clearly appears from the record that the petitioners received and accepted their several distributive shares and interests as determined and adjudicated by the court in that decree, and upon that issue, the decree became *res adjudicata;* both as to the court and the parties to this proceeding. The appellants are now estopped in equity from relitigating and asserting a new, different and conflicting theory in relation thereto, *viz:* that they now claim not as heirs of Susan Kilgore who is presumptively deceased, but as heirs of Elias Harness, to the exclusion of all other heirs or possible claimants. It is not a valid contention to now say that the original decree might or should have found the source and extent of the petitioners' interests to be in accordance with their present conten-

tions and that said decree may therefore be now changed or "amended." It did not so find, and any decree undertaking to deprive or failing to protect the interests of a missing heir on the ground that he is presumptively dead, would not have been merely erroneous but void as between the parties to the proceeding. *Eddy v. Eddy,* 302 Ill. 446, 134 N. E. 801.

The further contention of appellants that since the petitioners are nonresidents of Illinois and are alleged to be financially unable to comply with the provisions of the Administration Act or any order of a court of competent jurisdiction requiring them to give bond to protect the interests of absentee heirs, if living, would entail an undue hardship upon them and should exempt them from such requirements or provisions of the statute, is wholly immaterial and without merit. A decree so providing would, as we have indicated, be void as to such interests. Either as a matter of equity or under the provisions of the statute which requires a distributee to give bond with sufficient surety "conditioned to refund and pay, on demand, to such presumed decedent, if alive, or to any other person lawfully entitled, all money and other property or assets received by such distributee as heir as aforesaid," such security should in any event be required under the facts disclosed by the record herein. Otherwise, after the absence of any heir for seven or more years, claimants could collect and dissipate estates without protection to the absent heir. To meet this contingency, the above statute providing for the administration of the estate of an heir presumed in law to be deceased, with proper safeguards, was enacted. In the case of *Donovan v. Major, supra,* wherein administration under the provisions of the above statute based upon the alleged presumptive death of one Will C. Wright, a missing heir, following more than seven years of unexplained absence, was in question, our Supreme Court, among other recitals, at page 184,

said: "When the presumption of death arises the absent person is presumed to be dead for all purposes and in all Courts." . . . "It is true that if he shall afterward appear this grant of administration will be of no validity, but until that event does happen the administration is valid and binding." . . . "The trustees should not, however, be obliged to run the risk of the future appearance of Will C. Wright, and in any decree which may be rendered for the payment of this fund to his administrator, security should be required for their indemnification against loss by reason of any claim or demand of Will C. Wright or of any person claiming through or under him." The above principle applies with equal force to the facts disclosed by the record herein. *Stevenson v. Montgomery,* 263 Ill. 93, 104 N. E. 1075.

It was further held by the trial court that the intervening petitioners, by virtue of the foregoing provisions of the Administration Act, were given a complete and adequate remedy at law which they were required to assert, unless it appeared that such remedy was not available to them, and that the original decree of the court impliedly recognized the applicable provisions of that statute in the absence of proof of the actual death of Susan Kilgore. In so holding under the record herein, the trial court committed no error. The appellants were not entitled to the specific relief prayed for in their petition.

For reasons which we have fully set forth in this opinion, we hold that under the allegations and prayer of the petition and the stipulation of facts and evidence appearing in the record before us, the petitioners, appellants herein, have failed to sustain their cause of action and that the chancellor below did not err in dismissing their intervening petition for want of equity. The order and decree of the circuit court of Logan county is therefore affirmed.

*Decree affirmed.*