*In re* ESTATE OF KENNETH DALE KING, Deceased (Lyon Metal Products, Inc., Petitioner-Appellant, v. Luther King, Adm'r, *et al.*, Respondents-Appellees).

Second District    No. 2—98—0707

Opinion filed May 6, 1999.—Rehearing denied June 10, 1999.

Patrick M. Kinnally and Matthew J. Herman, both of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellant.

480

William T. King, Jr., of Aurora, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Petitioner, Lyon Metal Products, Inc. (Lyon Metal), appeals from the decision rendered by the trial court finding that Kenneth Dale King died on January 13, 1988. The issue presented to this court is what is considered to be the date of death for a person who has disappeared.

Kenneth Dale King was once a Lyon Metal employee. While employed at Lyon Metal, he participated in an employee benefits plan administered by the company. Lyon Metal has standing as a party in this cause because its rights may be affected depending on the date of decedent's death.

On January 13, 1988, Kenneth Dale King disappeared. Since January 13, 1988, he has not had any contact with the people he would be expected to contact, he has not been to his last place of abode, and he has not been heard from by any of his relatives.

The trial court entered an order finding that decedent's date of death was the date he disappeared, January 13, 1988. This order was filed on May 15, 1998. Lyon Metal filed an appeal on June 2, 1998, arguing that decedent's date of death should be January 13, 1995, which is seven years from the last date decedent was seen alive. We agree.

■ A *de novo* standard of review applies when there is no genuine issue of material fact and the trial court has made a ruling of law. *In re Estate of McInerny*, 289 Ill. App. 3d 589, 596 (1997). Here, the parties filed an agreed statement of facts, and the trial court issued an order finding that decedent's date of death was January 13, 1988. The only issue presented by this appeal is what is considered to be the disappeared person's date of death.

■ When a person disappears, a presumption of death will eventually arise after certain criteria are met. Specifically, a presumption of death will arise when:

> "(1) a person has disappeared or is continuously absent for seven years from his home without explanation, (2) those persons with whom he would likely communicate have not heard anything from him or about him, and (3) a diligent search has been made at his last known place of abode without obtaining information that he is alive." *In re Estate of Morrison*, 92 Ill. 2d 207, 212 (1982).

A presumption of death is a rebuttable presumption, and the presumption is rebutted when evidence shows that the deceased is in fact alive. *Presbyterian Church v. St. Louis Union Trust Co.*, 18 Ill. App. 3d 713, 720 (1974).

■ A missing person is presumed alive until seven years have passed since the individual's disappearance. *Donovan v. Major*, 253 Ill. 179, 182 (1911). Once seven years have passed and the individual has not been seen or heard from, the presumption of life ceases and the presumption of death arises. *Donovan*, 253 Ill. at 182. The presumption of death establishes the fact that the individual died and the date on which the individual died. *Donovan*, 253 Ill. at 182; *Guild v. Metropolitan Life Insurance Co.*, 303 Ill. App. 509, 515-16 (1940). The date of death is considered the date of the presumption of death because the presumption of life continues until the presumption of death arises. *Donovan*, 253 Ill. at 182.

In the instant action, Kenneth Dale King disappeared on January 13, 1988. He has not been seen or heard from since that time. Consequently, he is presumed dead as of January 13, 1995, and January 13, 1995, is also deemed the date of his death.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded so that an order may be entered by the trial court finding that decedent's date of death was January 13, 1995.

Reversed and remanded.

HUTCHINSON and GALASSO, JJ., concur.